UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HIGHLAND FARM LTD, et al., ) | CASE NO. 5:14CV1125 |
| ) | |
| APPELLANTS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OPINION** |
| JACKSON TOWNSHIP BOARD OF ) | |
| ZONING APPEALS, et al., ) | |
| ) | |
| APPELLEES. ) | |

## I. BACKGROUND

On May 23, 2014, Verizon Wireless, one of several appellees in an administrative appeal before the Stark County Court of Common Pleas, filed a notice of removal (Doc. No. 1), citing 28 U.S.C. §§ 1331, 1441, and 1446[1] as authority for the removal.

On July 2, 2014, the Court issued an order directing Verizon Wireless to show cause why the case should not be remanded. (Doc. No. 11.) In the order to show cause, the Court set forth several concerns regarding the propriety of the removal of this action; notably, the Court questioned whether it has subject matter jurisdiction over this particular administrative appeal. The Court opined that there are, strictly speaking, no "defendants" in the case within the meaning of § 1441,[2] that there is no complaint containing any cause of action arising under

---

[1] Section 1441 is the actual "removal statute." Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1446 merely provides for the procedure to be followed for removal of civil actions.

[2] The Court suggested that Verizon Wireless, having initiated the proceedings seeking a conditional use permit from the local zoning board, would be analogous to a plaintiff, who would not be permitted under the statute to remove an action.

federal law, and, for that matter, perhaps not even any "civil action" within the meaning of the removal statute.

Verizon Wireless had asserted in its removal petition that the challenges contained in the underlying appeal arise under, and are completely preempted by, the Telecommunications Act of 1996, codified at 47 U.S.C. § 151, *et seq*. ("the TCA"). (Doc. No. 1 at 2-3, ¶¶ 7-12.)

On July 11, 2014, Verizon Wireless filed its response to the show cause order, urging the Court not to remand the case, and addressing the concerns raised by the Court. (Doc. No. 12.)

## II. DISCUSSION

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This removal statute is to be narrowly construed. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). All doubts are to be resolved against removal. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

Verizon Wireless asserts, both in its removal petition and in its response to the show cause order, that this Court has federal question jurisdiction over this administrative appeal because the appellants' challenge to the zoning board's grant to Verizon Wireless of a permit to erect a telecommunications tower involves a substantial question of federal law. Verizon Wireless argues that, although the local zoning board has authority to approve proposed sites for telecommunications towers and antennas, that authority is regulated by federal law, specifically,

the TCA and regulations promulgated thereunder. Verizon Wireless further asserts that any state law claims contained within the administrative appeal are completely preempted by the TCA, giving this Court exclusive jurisdiction.

In its response to the show cause order, Verizon Wireless addresses this Court's concerns regarding whether there is a "civil action," and whether it can properly be categorized as a "defendant" entitled to remove the case. Notably, it cites to *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578-79, 74 S. Ct. 290, 98 L. Ed. 2d 317 (1954), where a railroad instituted condemnation proceedings to acquire land needed for improvement of its line. Under the relevant Iowa state statute, the railroad filed with the local county sheriff its application to condemn certain lands owned by Stude. A commission appointed by the sheriff to assess damages determined that the railroad should pay Stude $23,888.60, plus $1,000 to the tenant. The railroad paid the assessed amounts to the sheriff and took possession of the land. Then, pursuant to the statute, the railroad timely filed notice with the sheriff and interested parties that it intended to appeal the amount of the assessment as excessive. The railroad then filed a diversity-based complaint in the United States District Court for the Southern District of Iowa challenging the amount of the assessment and asking that damages be fixed at $10,000. It also separately filed an administrative appeal in the District Court for Pottawattamie County, Iowa, where, according to the Iowa statute, the case was docketed with Stude as the plaintiff and the railroad as the defendant. The railroad then removed the administrative appeal to federal court. Stude sought to dismiss the federal complaint and to remand the removed action. The district court dismissed the federal complaint, but denied the motion to remand the removed case. The court of appeals affirmed the dismissal, but reversed the denial of the motion to remand, and ordered that the cause be remanded to the state court. After granting certiorari, the Supreme Court, noting that it

3

would treat the two cases as one, since both the parties and the courts below had done so,[3] concluded that the statutory requirements of § 1441(a) were met. First, it stated:

> The proceeding before the sheriff is administrative until the appeal has been taken to the district court of the county. Then the proceeding becomes a civil action pending before "those exercising judicial functions" for the purpose of reviewing the question of damages. *Myers v. Chicago & N.W.R. Co.*, 118 Iowa 312, 315-316, 91 N.W. 1076, 1078. When the proceeding has reached the stage of a perfected appeal and the jurisdiction of the state district court is invoked, it then becomes in its nature a civil action and subject to removal by the defendant to the United States District Court. *Mississippi & Rum River Boom Co. v. Patterson*, 98 U.S. 403, 407, 25 L. Ed. 206. (footnote omitted).

346 U.S. at 578-79. It then concluded that, despite the peculiarity of the state statute requiring that the railroad be docketed as the defendant, since, for purposes of removal, *federal* law determines who is a "defendant," the railroad must actually be construed as the plaintiff, since "the institution and continuance of the proceedings depend[ed] upon its will." *Id.* at 580. Because the railroad was the plaintiff, the Supreme Court concluded that, under the removal statute, it could not remove the action and the order of remand was proper.

On the strength of this authority, this Court is now persuaded that the underlying administrative proceeding is a "civil action"[4] and that, because Highland Farm, Ltd. and Kenneth B. Manda filed the administrative appeal to the Common Pleas Court, Verizon Wireless is the "defendant" for purposes of removal.[5] Therefore, on that basis, the case would be removable.

---

[3] The Supreme Court noted that, if the cases were not treated as one, "the order denying the motion to remand standing alone would not be appealable." 346 U.S. at 578.

[4] The Court notes that the Ohio statutes governing administrative appeals are quite similar to the Iowa statutes in *Chicago, R.I. & P.R.* Therefore, the Supreme Court's conclusion regarding whether there is a "civil action" under the Iowa statutes is equally applicable to the Ohio statutes.

[5] As noted by Verizon in its response to the show cause order, it is in the position of defending the local zoning board's grant of a conditional use permit to construct the town; therefore, it is analogous to a defendant. (*See* Resp. to Show Cause at 235.)

That conclusion does not, however, end the analysis. Verizon Wireless does not allege removal based on diversity (nor could it, since it is located in Ohio, according to the notice of appeal filed in the state court). (*See*, Doc. No. 1-2, case caption.) It claims entitlement to removal on the basis of federal question jurisdiction under 28 U.S.C. § 1331, as follows:

> 11. In their Notice Pursuant to Ohio Revised Code 519.211(B)(4)(a) (the "Notice of Objection," attached hereto as Exhibit C) that formed the basis of their Notice of Appeal, Appellants stated the following as their objections to the Jackson Township Board of Zoning Appeals' decision:
>
> - "The wireless tower would interfere with cell phone, cordless phone, satellite TV, and wifi reception in the area . . .;
>
> - The dangerous, constant, exposure of microwaves to wild life [sic] (deer, song birds, and ducks), pets, children, and adults, in the area;
>
> - The construction of the cell tower may impact the quality of our well water."
>
> 12. As a result, federal question jurisdiction exists.

(Doc. No. 1 at 3.) In the order to show cause, the Court stated in a footnote:

> Verizon Wireless points to three objections purportedly made by the appellants to the BZA's decision. *See* Doc. No. 1 at 3, ¶ 11 (citing Exhibit C to the removal petition). It is unclear how Exhibit C is even relevant, since it appears to be a letter to the Jackson Township Board of Township Trustees from Don and Joan Stryffeler, who are not even parties to this action. Verizon Wireless quotes three of the Stryffelers' objections and declares that, based upon those objections, "a federal question exists[ ]" under the Act. (*Id*. ¶¶ 10, 12.) It cites *New York SMSA Ltd. P'ship v. Town of Clarkstown*, 612 F.3d 97 (2d Cir. 2010) for the proposition that the Act has completely preempted all state law relating to wireless telecommunications. But that case does not stand for the proposition, as Verizon Wireless suggests, that every zoning decision relating to "(1) radio frequency interference and (2) technical and operations aspects of wireless telecommunications service[,]" (Doc. No. 1 at 3), are preemptively matters solely for a federal court.

(Doc. No. 11 at 226, n. 5.)

In its response, Verizon Wireless has not addressed this concern of the Court. It simply re-quotes the three objections and attributes them to the "appellants." But the appellants are only Highland Farm LTD and Kenneth B. Manda. (*See* Doc. No. 1-2.) There is absolutely nothing to suggest that Don and Joan Stryffeler, who are the persons who raised these three objections, are parties to the administrative appeal. Although paragraph 11 of the removal petition would have this Court believe that the attached Exhibit C was also attached to the notice of appeal filed in the state court, a closer look reveals that it was not. The Court is unable to discern the origin of Exhibit C and, therefore, has no need to take it into account.[6]

Moreover, in their motion to stay filed in the Stark County Common Pleas Court, the appellants stated that the issues in the case will include (1) whether there was proper public notice of the application and/or the zoning board's proceedings, and (2) whether the conditions set for issuance of the permit were satisfied. (*See* Mem. in Support of Appellants' Mot.to Stay [Doc. No. 1-3] at 23.) These issues have no relationship to any federal question and no other issues were identified.

If there is no actual federal question, it does Verizon Wireless no good to argue that any state law claim contained in the administrative appeal is preempted by the TCA. Even a Supreme Court case relied upon by Verizon Wireless as authority for the removal holds that "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)

---

[6] That said, it is a considerable stretch to find in those three quoted objections, any connection to the TCA; Verizon Wireless makes no attempt to identify any connection, merely quoting them and then stating, in a conclusory fashion that, as a result, federal question jurisdiction exists.

(emphasis in original); *see also Her Majesty the Queen*, 874 F.2d at 344 (holding that removal was improper for several reasons, notably that "a preemption defense . . . is not enough to justify removal[;]"[7] vacating the district court's orders and remanding with directions to the district court to remand the actions to the state court).[8]

---

[7] With respect to the issue of complete preemption, the court in *Her Majesty the Queen* specifically noted that there have been *only* three instances where the Supreme Court has found complete preemption: (1) under the Labor Management Relations Act of 1947, 29 U.S.C. § 185; (2) under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461; and (3) concerning Indian rights. 874 F.2d at 342.

[8] Verizon Wireless cites two other cases as authority for removal. However, neither advances its position. First, Verizon Wireless cites the case of *Verizon Maryland Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002), where Verizon Maryland, Inc. filed an action in federal district court, under 28 U.S.C. § 1331 and 47 U.S.C. § 252(e)(6), against the Public Service Commission of Maryland and its individual members, as well as MCI WorldCom, Inc. and other competitors, seeking review under the Telecommunications Act of 1996 of the Commission's decision that, under a certain statutorily-required reciprocal compensation agreement, Verizon Maryland Inc. was required to pay WorldCom reciprocal compensation for ISP-bound calls. The district court dismissed the action and the Fourth Circuit affirmed, concluding, in relevant part, that neither § 1331 nor § 252(e)(6) provided a basis for jurisdiction. The Supreme Court held that § 1331 did provide a basis for jurisdiction over the claims raised in the complaint filed by Verizon Maryland, Inc. and, even if § 252(e)(6) did not *confer* jurisdiction, it did not *divest* the district court of its authority under § 1331. Verizon Wireless here cites this case in support of its removal of the instant action, asserting that, under its authority, "federal courts have subject matter jurisdiction to review state agency determinations under the TCA for compliance with federal law, pursuant to 28 U.S.C. § 1331[.]" (Doc. No. 12 at 230.) *Verizon Md. Inc.* is distinguishable from the instant case in three respects: (1) there was a specific federal statute permitting an action in federal court to review determinations by state commissions of agreements arrived at through negotiations, *see* 47 U.S.C. § 252(e)(6); (2) there was an original action filed in federal court pursuant to the statute; and (3) that original action raised a federal claim under the Telecommunications Act.

    The second case is *City of Arlington, Texas v. FCC*, 133 S. Ct. 1863 (2013), where the issue was whether an agency's interpretation of a statutory ambiguity concerning the scope of its regulatory authority is entitled to the deference identified in *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), *i.e.*, that "[s]tatutory ambiguities will be resolved, within the bounds of reasonable interpretation, not by the courts but by the administering agency." *City of Arlington*, 133. S. Ct. at 1868. This issue is not implicated in the instant case. Therefore, the Court need not further examine Verizon Wireless's citation to *City of Arlington*, except to note that it appears to rely upon no more than the Court's passing quotation of 47 U.S.C. § 332(c)(7)(B)(v) ("[a]ny person affected by any final action or failure to act by a State or local government . . . that is inconsistent with this subparagraph may, . . . commence an action in any court of competent jurisdiction[]"), 133 S. Ct. at 1866-67, as authority for removal of the instant administrative appeal. This statutory section is of no assistance to Verizon Wireless and *City of Arlington* need not be construed as broadly as Verizon Wireless urges.

## III. CONCLUSION

For the reasons set forth herein, construing the removal statute narrowly, resolving all doubts against removal, and finding herein no basis for subject matter jurisdiction, the Court remands this case to the Stark County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: September 5, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**